UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EARL ADRIAN,

                  Petitioner,              Case No. 2:21-cv-10849
                                              Honorable Linda V. Parker

v.

NOAH NAGY,

                  Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING
CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO
PROCEED ON APPEAL IN FORMA PAUPERIS**

Michigan inmate James Earl Adrian ("Petitioner") has filed a petition for

writ of habeas corpus under 28 U.S.C. § 2241. Petitioner asserts that the Michigan

Department of Corrections (MDOC) erroneously failed to award him good time

sentencing credit. The Court is summarily dismissing the petition without

prejudice because Petitioner failed to exhaust his state court remedies.

I.

In 1995, Petitioner was convicted in the Circuit Court for Washtenaw

County, Michigan, of first-degree murder and felony-firearm, and he was

sentenced to life imprisonment without parole. On November 1, 2018, because

Petitioner was a juvenile at the time of his offense, he was resentenced to 32-60

years.

Petitioner states that because he was serving a life sentence, MDOC did not calculate good time credits prior to his resentencing. After his resentencing, the MDOC performed a "Time Review and Disposition." (EFC No. 1 at Pg ID 7.) The time review committee calculated that Petitioner was eligible for up to 502 days of "special disciplinary credit or good time credit," but that 50 of those days could not be awarded as a result of major misconducts. (*Id.*) The committee recommended a grant of 400 days of good time credit. The report was sent to Petitioner's Warden, who, on November 7, 2018, decided: "because of your behavior since your last review, 250 days of special disciplinary credits/good time are awarded." (*Id.*)

In his § 2241 application for habeas relief, Petitioner asserts that he is entitled to all 502 days of good time credit. Petitioner indicates that he appealed the Warden's decision through all three steps of MDOC's grievance process, but the appeals were summarily rejected. (*Id.* at Pg ID 3.) Petitioner does not indicate that he attempted to pursue his claims regarding good time sentencing credit in the Michigan Courts.

## II.

After a petition for writ of habeas corpus is filed, the court must undertake preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in

the district court." Rule 4, Rules Governing § 2254 Cases. If the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

A state prisoner seeking federal habeas relief must first exhaust available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c); *see also Picard v. Connor*, 404 U.S. 270, 275-78 (1971). A prisoner who seeks the restoration of his or her good time or disciplinary credits must first exhaust available state court remedies before seeking habeas relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973). Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of pleading and proving that he has exhausted his state court remedies. *Sitto v. Bock*, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

For the exhaustion doctrine to apply, however, there must be available procedures for a prisoner to present his claims to the state courts. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). Here, Petitioner claims that he presented his claims to MDOC in an administrative appeal, but he does not claim that he appealed MDOC's decision in the Michigan Courts. Indeed, a search of the state court website reflects that Petitioner pursued two appeals from his conviction

in 1996 and 2009, but he did not seek relief in the Michigan Court of Appeals or Michigan Supreme Court following his 2018 resentencing.[1]

Petitioner has available state court remedies. Michigan courts permit challenges to the loss of good time credits in a state habeas corpus petition. *See In re Walsh*, 49 N.W. 606 (Mich. 1891); *Butler v. Warden, Marquette Prison*, 298 N.W.2d 701 (Mich. Ct. App. 1980). A Michigan prisoner may likewise file a state petition for writ of habeas corpus to raise a claim that MDOC does not have authority to continue his incarceration because he has completed his prison sentence. *See Cross v. Dep't of Corr.*, 303 N.W.2d 218 (Mich. Ct. App. 1981). Michigan Court Rule 3.303(A)(2) states that a habeas action must be brought in the county where the prisoner is detained.

Furthermore, although orders of denial in a state habeas corpus proceeding in Michigan are not appealable by right, such orders may be reviewed by filing an original complaint for a writ of habeas corpus in the Michigan Court of Appeals. *See Triplett v. Deputy Warden*, 371 N.W.2d 862, 866 (Mich. Ct. App. 1985); *see also Parshay v. Buchkoe*, 186 N.W.2d 859, 860 (Mich. Ct. App. 1971). Provided the prisoner is in custody when the judgment becomes effective, there is no time limitation for which a complaint for a writ of habeas corpus may be filed. *Triplett*,

---

[1] https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=2&PartyName=adrian+james&CourtType_PartyName=3&PageIndex=0&PartyOpenOnly=0

371 N.W.2d at 865. The Michigan Supreme Court can review the Michigan Court of Appeals' denial of this petition once a prisoner files an application for leave to appeal. Mich. Ct. R. 7.303(B)(1); Mich. Ct. R. 7.305.

Until Petitioner presents his claim that he was unconstitutionally denied good time credit to all levels of the Michigan judicial system, this Court cannot consider the claim. *See Branham v. Koehler*, No. 89-1709, 1989 WL 136116, at *2 (6th Cir. Mar. 13, 1989).

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**IT IS FURTHER ORDERED** that permission to appeal in forma pauperis is **DENIED** because any appeal of this order would be frivolous. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 7, 2021

5

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 7, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan       
Case Manager
